[No. 6,119.]

## McCREERY *v.* EVERDING et al.

Writ of Possession—Ejectment.—Appellant ·moved in the lower Court to restrain the Sheriff from executing against him a writ of possession in an action of ejectment to which he was not a party. It appeared from his affidavit that he entered after the suit was commenced, but the affidavit failed to show that he did not enter under the defendants or in collusion with them. *Held*, that he was not entitled to the order.

Appeal from an order refusing to restrain the execution of a writ of possession against Leavitt, the appellant, in the Twelfth District Court, City and County of San Francisco. Daingerfield, J.

The facts are stated in the opinion.

*E. A. Lawrence*, for Appellant.

One who enters on land after ejectment therefor is commenced, but does not enter under defendants, or by collusion with them, cannot be dispossessed under the writ. (*Mayo* v. *Sprout*, 45 Cal. 99 ; Freeman on Executions, 475 ; *Smith* v. *Pretty*, 22 Wis. 657 ; *Montgomery* v. *Whiting*, 40 Cal. 294.)

*S. M. Wilson*, and *Wilson & Wilson*, for Respondents.

Leavitt will be presumed, in the absence of proof, to have entered under the defendants in execution. (*Wetherbee* v. *Dunn*, 36 Cal. 147 ; *Leese* v. *Clark*, 29 Id. 671.)

To resist the execution he must show a claim in *good faith*, on his own behalf, under color of title, independent of the de-

fendants, and without any collusion with them. In this he utterly fails. (*Satterlee* v. *Bliss*, 36 Cal. 489; *Mayne* v. *Jones*, 34 Id. 487, 490 ; cases cited, *supra.*)

Department No. 1, by the COURT (from the Bench) :

The order denying the motion to vacate or stay the execution of the writ of possession must be affirmed. It is true that one in possession, claiming under title paramount to or independent of that of the defendant in execution, cannot ordinarily be amoved by the Sheriff, under the writ. But the nature of the claim of Leavitt, the moving party, while he pretends to assert it, does not appear from his affidavit. It may be premised, that on the trial of the ejectment, one Dowling was a party defendant, and that judgment went against him. In his affidavit, Leavitt, after suggesting an independent title in Carter, and that he, the affiant, deraigns from Baugh, swears that pending the ejectment, "the said original possession of said Carter was (on affiant's information and belief) obtained by said *Baugh, upon compromise of a suit of said Carter* v. *Dowling*," etc. If this means anything, it may mean that the result of such compromise was a recognition of a better right in Dowling by Carter, or a mutual interchange of deeds by Carter and Dowling to undivided portions of the disputed premises— in either of which, or other cases that may be imagined, Leavitt holds *under Dowling.* It is certainly not a distinct statement of the nature of Leavitt's right, if he has any, and its ambiguity bears the marks of such premeditation as justified the Court below in refusing to base an order upon it. We think the Court was right.

Order affirmed.